# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

**ERIC WENDELL HOLLOMAN,**

    **Plaintiff,**

**v.**                **CASE NO. 3:08-cv-485-J-16TEM**

**JACKSONVILLE HOUSING AUTHORITY,**

    **Defendant.**

_____/

## O R D E R

 This cause is before the Court on the Plaintiff's <u>Motion</u> (Dkt #11) without title, docketed as a Motion for Entry of Clerk's Default but actually request a judgment by default pursuant to Fed. Rule 55.and Defendant's <u>Motion to Dismiss and Strike</u> (Dkt #12).  Responses have been filed to both motions.

 In reviewing Plaintiff's Motion, as grounds Plaintiff states that the Defendant's failure to plead or otherwise answer within the twenty day period prescribed by the Federal Rules of Civil Procedure.  Court records reflect that the Defendant was served on June 23, 2008 thereby requiring a responsive pleading by July 14, 2008.  Defendant filed a Motion to Dismiss on July 15, 2008, one day late.[1].

 Defendant, in its response to the Motion acknowledges that their Motion to Dismiss was filed late, but as explanation state that it was a miscalculation due to an oversight.  Defendant also argues that a Default Judgment without first having obtained a Clerk's Default is improper, that the Plaintiff failed to confer with Defendant as required by Local Rule 3.01(g), and that granting this Motion would severely prejudice the Defendant.

 The Court will go no further than to address the computation of time issue.  The Plaintiff is correct in that the Defendant had twenty days in which to file a responsive pleading and Defendant failed to do.  However, pursuant to Fed.R.Civ.P 6(b)(1)(B) the Court may extend the

---

[1]Plaintiff's calculation of July 10, 2008 as the response date is in error.

time for good cause shown, specifically "if the party failed to act because of excusable neglect". The Court finds that "excusable neglect" is present here and therefore Plaintiff's Motion (Dkt #11) will be **DENIED**.

Defendant's Motion to Dismiss is based upon failure to state a cause of action in that the Jacksonville Housing Authority (JHA)  is not subject to the Freedom of Information Act (FOIA), 5 U.S.C. §552; Additionally they state that the action must be dismissed on the basis of *res judicata* in that this case was previously decided in favor the JHA by the Honorable Harvey E. Schlesinger in Holloman v JHA, 3:04-cv-571-20MMH.

In reviewing the previous case of Holloman v. JHA, the Court agrees that to an extent this case must be dismissed based on *res judicata*.  The underlying facts of the case are identical stemming from a June 18, 2004 incident between Plaintiff and Defendant. Not only was a decision rendered in favor of the Defendant in the District Court, but was affirmed by the Eleventh Circuit (2007 WL 245555), cert denied, 127 S.Ct. 2952 (2007)

The only other remaining basis for Plaintiff's case rests on alleged violation of the Freedom of Information Act.  This too must fail as the Jacksonville Housing Authority is not a federal agency which is required to make certain information available to the public.  See Ryan v. N.J. Comm'n For the Blind and Visually Impaired, 542 F.Supp.841 (D.C.N.J., 1982) and DeHarder Inv.Corp v. Indiana Housing Finance Authority, 909 F.Supp. 606 (S.D. Ind, 1995).

Therefore, after due consideration, it is hereby **ORDERED**

(1.)     that Plaintiff's Motion for Clerk's Default (Dkt #11) is **DENIED**; and

(2)      that Defendant's Motion to Dismiss and Strike (Dkt #12) is **GRANTED**.

This case is **DISMISSED**.  The Clerk is directed to close this case.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, this 7th day of August, 2008.

JOHN H. MOORE II
United States District Judge

Copies to:    Counsel of record
                Pro Se Parties